Appellees, Emerson W. Mays, et al., filed an Application for Reconsideration pursuant to App. R. 26(A) asking this court to reconsider its Decision and Judgment Entry filed on December 31, 1998.
In support of their application, appellees point to parts of the record which show that grantors Emerson W. Mays and Marguerite M. Mays retained fee ownership of part of certain real estate they deeded to Michele Robinette Moran and Frank E. Findo. Thus, appellees conclude that we should correct our prior Decision to show that the Mays still own this real estate, not Moran and Findo. The appellants oppose reconsideration because they contend that the issue is moot.
The test generally applied by a court of appeals when a party files a motion for reconsideration is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. See Ottawa Cty. Bd. Of Commrs. v.Marblehead (1995), 102 Ohio App.3d 306, 318.
Here, after reviewing the record, we find that we made an obvious error regarding the ownership of the real estate. Thus, we need to revisit our analysis in the third assignment of error because we found that Moran had standing based on her ownership interest in the real estate.
Accordingly, we grant the appellees' Application for Reconsideration, find that our Decision and Judgment Entry filed on December 31, 1998 is for naught, and will issue a new Decision and Judgment Entry.
Abele, J. and Harsha, J.: Concur
For the Court
 BY: _______________ Roger L. Kline Presiding Judge